Anthony Famiglietti, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Horse Racing Commission, Respondent.

Argued February 27, 1978, before Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*Richard G. Phillips*, for petitioner.

*Larrick B. Stapleton*, for respondent.

OPINION BY JUDGE CRUMLISH, JR., July 21, 1978:

Anthony Famiglietti (Appellant) appeals the adjudication of the Pennsylvania State Horse Racing Commission (Commission) denying him a Pennsylvania trainer's license.

On June 25, 1976, Appellant applied for his trainer's license, submitting his application to the Board of Stewards at Keystone Race Track. The application was forwarded to the Commission on July 3, 1976. No action having been taken, Appellant's counsel wrote to the Commission requesting it "take action on this application and in the event your action is negative I would request a hearing." Although no action was taken on the application by the Commission, on July 29, Larrick Stapleton, General Counsel for the Commission, scheduled a hearing "in Anthony Famiglietti regards" for August 20. An order to that effect signed by the executive director of the Commission was handed down on August 5. The proceedings were styled "Pennsylvania State Horse Racing Commission v. Anthony Famiglietti," but no purpose for the hearing was set forth within the order. The hearing was held as scheduled before Larrick G. Stapleton who also was listed as appearing for the plaintiff, the Commission. Appellant stated that no action had yet been taken on his application, which fact was not disputed by Stapleton who labeled the proceedings as merely an "investigative hearing." The purpose of the hearing was said to be to obtain additional information so that the Commission could knowingly rule on the application.

At the hearing, Stapleton apparently presided and at one point ruled on the admissibility of certain hearsay evidence. On November 1, 1975, the Commission promulgated its adjudication denying Appellant a license. The adjudication specifically stated that the hearing had been solely investigatory in nature. By letter dated November 18, the adjudication was for-

warded to Appellant with notice that he had 30 days to appeal to this Court, which appeal followed.

Upon careful review of the record herein, we hold that the procedure followed in this matter does not comport with the procedures required by the applicable statute for commission review of a denial of license and we remand this case for a further hearing[1] Section 20 of the Act of December 11, 1967, P.L. 707, *as amended*, 15 P.S. §2670, requires that:

> If the State Horse Racing Commission shall refuse to grant a license applied for under this act, or shall revoke or suspend such a license granted by it, the applicant or licensee may demand, within ten days after notice of the said act of the commission, a hearing before the commission. . . .

The hearing on August 20 could not have been a hearing on the merits of the refusal to grant a license as contemplated for the simple reason that no decision on the application for the license had yet been made. This hearing was merely an investigative one. Therefore, after the adjudication of November 1, Appellant was still entitled to a hearing as contemplated by the statute and, accordingly, we remand this matter to the Commission for that purpose.

Moreover, even if we were to view this as having been a hearing on the merits, we would nevertheless reach the same result. The separation between prosecutorial and judicial function was insufficient to pass muster under the standards enunciated by this Court. *Bruteyn Appeal*, 32 Pa. Commonwealth Ct. 541, 380

---

[1] Both Appellant and Appellee treated the hearing as one on the merits. Appellant, however, argued that the conduct of this so-called "hearing" violated his due process rights. This is true, but it is far more accurate to say, as we in fact do hold, that Appellant never received the hearing required by statute.

A.2d 497 (1978)[2] allocatur denied. Furthermore, by labeling the hearing purely investigatory, Appellant was deprived of an opportunity to provide an effective defense since he did not know what, if anything, was the nature of the charge against him.

Accordingly, we

### ORDER

AND Now, this 21st day of July, 1978, this case is remanded to the Pennsylvania State Horse Racing Commission for the purpose of holding a hearing on the subject of its refusal to grant Appellant, Anthony Famiglietti, a license as a trainer.

---

[2] The prosecutor both presided at and prosecuted this case. As an instance, at one point, he made a ruling as to the admissibility of hearsay evidence.